# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

MARY E. HARKINS,

    Plaintiff,

v.                                           Civil Action No. 1:08-cv-01344-LO-IDD

TERRI CONSOLMAGNO, et al.,

    Defendants.

FILED MAILROOM JAN 26 2009 CLERK U.S. DISTRICT COURT

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO HILARY NIEMAN'S MOTION TO DISMISS AND REQUEST FOR LEAVE TO AMEND**

COMES NOW the Plaintiff, Mary E. Harkins, pro se, and hereby files this Memorandum of Law in Opposition to Hilary Nieman's Motion to Dismiss and Request for Leave to Amend her Complaint filed concurrently herewith. In opposition to Hilary Nieman's Motion to Dismiss, Plaintiff states as follows:

## PRELIMINARY STATEMENT

On November 4, 2008, the Plaintiff filed a Complaint in the Loudoun County Circuit Court and sued the Defendant, Hilary Nieman ("Nieman"), as well as other defendants for fraud, fraud in the inducement, violations of the Virginia Consumer Protection Act, negligence per se, negligence, breach of contract, intentional infliction of emotional distress, and constructive fraud. The case was removed to this Court by Defendant Terry Consolmagno. Plaintiff's claim against Defendant Consolmagno has been settled by agreement between the parties, and Consolmagno is being dismissed as a party to this lawsuit.

On September 15, 2008, as alleged in Plaintiff's Complaint at paragraph 11, Nieman contacted Plaintiff to advise Plaintiff that: a.) "she had a situation available for the adoption of a baby due to be born to an 18 year old mother named Michelle in November 2008," b.) that "it was an agency pick through the Defendant Adoption Advantage, Inc. ("AA"), meaning that the birth mother was allowing the adoption agency to select the adopting parents, so Plaintiff would need to "move quickly" and immediately pay all the fees if she was interested in the adoption situation," c.) "the adoption was through a very reputable agency and that it was an excellent adoption opportunity for Plaintiff," and d.) "Plaintiff would be matched with the birth mother upon payment of the fees to Nieman and others." Plaintiff accepted Nieman's offer, and paid Nieman's fee, fully believing that her prayers had been answered, and she was being matched with a birth mother named Michelle for the adoption of Michelle's baby. For the following several weeks, the charade continued. Some of the defendants went on updating Plaintiff with information about the pending adoption and Michelle. The Plaintiff went on believing that she was preparing to adopt a baby. She purchased baby clothes and baby furniture. She bought baby books for the precious baby. She picked out baby names. She told her family who all became very excited. Plaintiff's excitement grew exponentially.

After obtaining information from a police detective in Texas, Plaintiff discovered the truth which is that Plaintiff was completely defrauded. Michelle had never contracted with AA for its services, but had only called to inquire about available services; that even before Plaintiff paid her fees, Michelle had advised the parties that she was definitely not going to allow her baby to be adopted using their services; that Michelle had never intended for her baby to be adopted by Plaintiff; and that AA had never presented Michelle with Plaintiff's information regarding adoption. Plaintiff was, of course devastated and collapsed in shock.

## LAW AND ARGUMENT

**I.** Nieman first argues that the Adoption and Surrogacy Center, LLC is a necessary party, and this action must be dismissed for Plaintiff's failure to join it. Pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, an action **may** be dismissed if plaintiff has failed to join a necessary party. [emphasis added] The rule does not mandate dismissal.

All counts of Plaintiff's Complaint that concern Nieman, with the exception of the count for breach of contract, are counts solely concerning Nieman for her personal acts and conduct. The joinder of the Adoption and Surrogacy Center, LLC as a party is not necessary to accord complete relief among the existing parties on the counts other than the breach of contract count. If the Court determines that the Adoption and Surrogacy Center, LLC is a necessary party, the Court should permit the Plaintiff to amend her Complaint to join the Adoption and Surrogacy Center, LLC. Plaintiff respectfully requests that the court grant her leave to amend, and to join any necessary party.

**II. A.** Nieman argues that Plaintiff's counts for fraud, fraud in the inducement, constructive fraud and violations of the Virginia Consumer Protection Act against Nieman should be dismissed because Nieman's statements amount only to opinion. Nieman's argument is misleading, however, in that she only lists some of the representations made by Nieman to the Plaintiff as alleged in the Complaint. Nieman only addresses three of the several representations made by Nieman: that the adoption agency was very reputable, that it was an excellent adoption opportunity, and that Plaintiff would have to act quickly. (Nieman's Memorandum p. 7)

In her Complaint, Plaintiff alleges in Paragraph 11, "On September 15, 2008, Nieman contacted Plaintiff to advise Plaintiff that she had a situation available for the adoption of a baby

due to be born to an 18 year old mother in November 2008;" and that "it was an agency pick, meaning that the birth mother was allowing the adoption agency to select the adopting parents, so Plaintiff would need to move quickly if she was interested in the adoption situation." In Paragraphs 26, 51, 55, 59, 66, 86, and 100, Plaintiff's Complaint alleges, " ...to induce the Plaintiff to enter into their contracts and pay their fees, Nieman...fraudulently represented to Plaintiff that Michelle wanted to use the services of AA to allow her baby to be adopted, that Michelle had contracted with AA for services, that Michelle had authorized an agency pick to allow AA to select the adopting parents, and that Michelle would be matched with Plaintiff for the adoption by Plaintiff of Michelle's baby." These statements were not opinion. They were statements of fact. They were representations of what would happen if Plaintiff paid her fees. They were statements of facts made to entice and induce the Plaintiff. The statements that, "she (Nieman) had a situation available for the adoption of a baby due to be born to an 18 year old mother in November 2008;" that "it was an agency pick, meaning that the birth mother was allowing the adoption agency to select the adopting parents" are both statements of fact, and not opinion. The statement that Michelle had contracted with AA for services is a statement of fact, and not opinion. The statement that Plaintiff "would be matched with Michelle for the adoption of Michelle's baby" is a statement of fact, and not opinion. Plaintiff relied on all these statements when she paid the fees to Nieman and to others. All of those statements were false, fraudulent, and made to defraud the Plaintiff. The representations went much, much further than mere opinion or puffery. These were false representations made to a vulnerable person, who had reached out for professional advice and assistance to complete her family and bring a beloved child into her home. These were representations made to lead Plaintiff to invest much more than just money, but her emotions, her love, her excitement, and her hopes of having a family. These

were fraudulent representations made that were so cruel and unimaginable as to cause Plaintiff to go into shock when their falsity was discovered.

Nieman cites *Lambert*, 553 S.E.2d 714, for the proposition that mere statements of opinion cannot constitute fraud, pointing to facts in which a car salesman's claims that a car was in excellent condition amounted to opinion. That case does not even come close in comparison to what was represented to Plaintiff in the instant case. Representations that a person would be able to adopt a precious child upon payment of fees, when actually false, are fraud to the tenth degree. If such cruelty and abuse does not constitute fraud, then fraud may never be held to exist.

**B.** With regard to Nieman's argument that Count Nine (Breach of Contract) should be dismissed as to Nieman, Plaintiff agrees that the Complaint, as written, does not adequately allege breach of contract against Nieman. Plaintiff has requested leave to amend her complaint to clarify the allegations, and respectfully requests that the Court grant leave to amend.

Nieman is a lawyer who holds herself out as an adoption lawyer. When Nieman contacted Plaintiff about the alleged adoption situation, Plaintiff did not have any written contract from Nieman. It was not until days later that Plaintiff reviewed Nieman's company's contract. Plaintiff believed she was contracting with Nieman for services and representation by Nieman. Contact from Nieman came via Nieman's email address of "HilaryNieman@yahoo.com." In addition, although Plaintiff signed a contract and returned it to Nieman more than a week after September 15, 2008, the contract was not executed by Nieman's firm, and no fully executed copy was ever provided to Plaintiff.

At page 11 of her Memorandum, Nieman cites *Mowbray*, 533 F. Supp. 2d 554, for the position that "if an agent discloses the identity of his principal to a third party, then absent an agreement to the contrary, he is insulated from liability." At the time when Nieman contacted

Plaintiff on September 15, 2008, Nieman did not disclose that she was acting on behalf of her firm. It was reasonable for Plaintiff to believe that she, Nieman, an adoption attorney, was acting in that capacity, especially since the contacts from Nieman to Plaintiff were made from Nieman's email address of HilaryNieman@yahoo.com.

C. Nieman argues at page 12 of her Memorandum that Plaintiff's counts for fraud, negligence per se, intentional infliction of emotional distress, negligence, and constructive fraud should be dismissed because they seek remedies in tort for claims sounding in contract, even though Nieman also argues that there was no contract between the Plaintiff and her in her individual capacity. Nieman is an adoption lawyer, and as such, owed a duty to Plaintiff in that capacity, had a common law duty to be truthful and to not defraud the Plaintiff, to protect the Plaintiff from injury, and owed a fiduciary duty to the Plaintiff. As the Supreme Court of Virginia held in Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc., 507 S.E.2d 344, 347 (1998):

> If the cause of action of complaint be for an act or omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from the contract to do what is complained of exists) then the action is founded upon contract and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of the contract, to take due care, and the defendants are negligent, then the action is one of tort. We have acknowledged that a party can, in certain circumstances, show both a breach of contract and a tortious breach of duty. However, the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract."

Nieman is a lawyer who holds herself out as an adoption attorney, specializing in adoption. She is relied upon for her alleged knowledge and expertise. As such an expert and professional, she owed a duty to Plaintiff in that capacity, had a common law duty to be truthful and to not defraud the Plaintiff, and to protect the Plaintiff from injury. She had a common law

duty to not inflict pain and emotional distress upon the Plaintiff, her client. Nieman failed to use ordinary care when she made her representations to the Plaintiff.

In addition to the foregoing, Nieman, as an attorney, owed a fiduciary duty to the Plaintiff. An agent is a fiduciary with respect to the matters within the scope of his agency. "A fiduciary relationship exists in all cases when **special confidence** has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence." [emphasis added] *H-B Ltd. P'ship v. Wimmer*, 220 Va. 176, 179, 257 S.E.2d 770, 773 (1979); *Ferguson v. Gooch*, 94 Va. 1, 6, 26 S.E. 397, 399 (1896). "[I]ncorporated in every contract between a fiduciary and his principal is an obligation, imposed by law upon the fiduciary, to disclose anything known to him which might affect the principal's decision whether or how to act." *Owen v. Shelton*, 221 Va. 1051, 1054, 277 S.E.2d 189, 191 (1981). Plaintiff failed to even use ordinary care, let alone honor her fiduciary duty.

When a plaintiff alleges and proves nothing more than disappointed economic expectations assumed only by agreement, the law of contracts, not the law of torts, provides the remedy for such economic losses. *Willard v. Moneta Bldg. Supply, Inc.*, 262 Va. 473, 480, 551 S.E.2d 596, 599 (2001); *Ward v. Ernst & Young*, 246 Va. 317, 325, 435 S.E.2d 628, 632 (1993); *Rotonda Condo. Unit Owners Ass'n v. Rotonda Assocs.*, 238 Va. 85, 90, 380 S.E.2d 876, 879 (1989); *Sensenbrenner*, 236 Va. at 425, 374 S.E.2d at 58. In this case, Plaintiff suffered much, much more than economic loss. Plaintiff suffered from the intentional infliction of emotional distress, mental anguish, and loss of her dream to become a mother. Plaintiff was in a very vulnerable position, and had reached out for assistance. Plaintiff's monetary loss was far less than the physical, emotional, and psychological damages suffered by Plaintiff.

WHEREFORE, for the foregoing reasons, Nieman's Motion must be denied.

This pleadings is sworn to and signed under penalty of perjury.

Respectfully submitted,

_____ 1/23/09

**Mary E. Harkins**
*Plaintiff, pro se*
P.O. Box 517
Hamilton, VA  20158
(703) 677-5105

## CERTIFICATE OF SERVICE

This is to certify that I have this 23rd day of January, 2009, mailed a copy of the foregoing to:

Brian V. Ebert, Esq.
10615 Judicial Drive. #303
Fairfax, VA 22030
Counsel for Terry Consolmagno

Joseph Cunningham, Esq.
Cunningham & Associates, PLC
1600 Wilson Blvd., #905
Arlington, VA 22209
Counsel for Hilary Nieman

Ed Webb
4906 S. Kattilus
Little Rock, AR 72223

Adoption Advantage, Inc.
4906 S. Kattilus
Little Rock, AR 72223

Jacklyn Potter
4906 S. Kattilus
Little Rock, AR 72223

Shey Davis
4906 S. Kattilus
Little Rock, AR 72223

Emily Gulledge
4906 S. Kattilus
Little Rock, AR 72223

Mary E. Harkins
P.O. Box 517
Hamilton, VA 20158
(703) 677-5105
MEHarkins@gmail.com